Owen McGivern, J.
This is an article 78 proceeding brought by the landlord to review a determination granting it a rent adjustment pursuant to subdivision 5 of section 33 of the State Bent and Eviction Begulations.
In its petition, landlord raised three objections to the commission’s disallowance, after audit, of certain operating *894 expenses claimed in its application. Two of these objections are no longer in issue. The landlord is not pressing the objections raised by it in regard to an allowance for termite control; and the commission after checking with City of Yonkers authorities, has verified the propriety of landlord’s claimed sewer tax expense for the test year of its application and will correct its error in disallowing a portion of the claimed expense.
The remaining issue for determination concerns the propriety of the commission’s calculation of the allowable building depreciation expense to be credited as an operating cost.
Calculation of the allowable depreciation expense in the case at bar, where the purchase price of the property was the base for computing the statutory allowable 6% return, was geared to the same ratio that the assessed valuation of the building bore to the total assessed valuation of the property at the time of the filing of the application.
Landlord purchased the property in 1959 for $1,202,000. This figure was adopted by the commission as the basis upon which the 6% return was calculated. The original assessed value of the property for the year 1959 was $1,078,900, of which $867,000 was applied to the buildings. Thus, in the original assessment for the year 1959, 80.36% of the assessed value of the property was allocated to building.
In a certiorari proceeding, to reduce the assessed value of the property instituted by the former owner of the property in the Supreme Court, Westchester County, the assessment was reduced from $1,078,900 to $600,000, a reduction of $478,000, which reduction was applied to the buildings. The final assessment of $600,000 was for land $211,800 and building $388,200.
The commission used these figures to establish a relationship between land and building value, determining arithmetically that the ratio was 66.70 for value of the buildings and 33.30 for value of the land. By applying this ratio to the purchase price, it established land value at $430,306 and building value at $771,694. Depreciation was thus allowed at 2% of $771,694 or $15,433.88.
Landlord contends that the depreciation expense should be determined by the use of the ratio between land and building as originally assessed prior to the court order reducing the assessment, applying said ratio to its purchase price. That is, the original assessment was $1,078,900, of which $867,100 was applied to the building representing 80.36% of the final assessment.
Landlord further contends that while the formula utilized by the commission set forth in its Accounting Manual and Advisory *895 Bulletin procedures produces a just and equitable result in the vast majority of cases, it is unfair under the facts herein that the commission should have considered that the $478,000 reduction was applied to the buildings as a result of a settlement, that the apportionment of the agreed upon reduction was of no concern to the relator in the certiorari proceedings, being merely a matter of convenience, and bore no relationship to the valuation of land and building.
The State Residental Rent Law (§ 4, subd. 4, par. [a]; L. 1946, ch. 274, as amd.) provides for rent increase adjustments where the landlord can establish that it is not earning a 6% return on its property. The value of the property is limited by the law to two readily ascertainable standards (two other exceptions are not here pertinent). The first is the equalized assessed valuation of the property. The second is a bona fide sale where the transaction has occurred within a specified period and pursuant to statutory prescribed conditions. Where a sale transaction complies with the conditions prescribed by statute, it must be used as valuation base for the statutory net annual 6% return.
In effect, landlord seeks to have the commission make a valuation determination of a portion of the value of the property— the value of the building exclusive of land. This would ensnarl the commission in the morass of valuation determination, contrary to the mandate of the Legislature in determining the basis to be used for the 6% return (Matter of Kaufman v. Abrams, 141 N. Y. S. 2d 716, affd. without opinion 286 App. Div. 998, motion for leave to appeal denied 309 N. Y. 1034).
The commission’s procedure falls squarely within the legislative sanction giving it the power to adopt and promulgate such rules and to make such orders as it may deem necessary or proper to effectuate the purpose of the act. The broad base of the power has been frequently reviewed and sustained by the courts (Hotel Assn. of N. Y. City v. Weaver, 3 N Y 2d 206).
The commission’s action in the instant proceeding was based upon a readily ascertainable and necessary method of proceeding. The ‘1 ‘ judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body’” (Matter of Park East Land Corp. v. Finkelstein, 299 N. Y. 70, 75). The application is denied and the petition is dismissed.